*291 The Opinion of the Court, was, in substance, to, the following effect :
If a covenant were to do any one particular thing, a. general averment that it had not been done, would be sufficient, without particular specification of the manner or circumstances of the failure. Where there are more covenants than one in a deed, it is sometimes necessary that there should be a specific assignment of such breaches %s are complained of; but, in any of them, nothing more *292 need be alleged, than that the thing agreed, or covenant; ed, to be done, has not been done.
Clay, for the plaintiff; Allen, for the defendant.
Dougherty covenanted to furnish Glenn a new suit of clothes of his own choosing. To a suit brought for a breach of this, covenant, Dougherty pleaded that Glenn never did choose for himself a new suit of clothes, as by the covenant he ought to have done. To this plea there was a demurrer, and judgment for Glenn. This court thinks the demurrer was very properly sustained ; the' plea was neither good, as being responsive to the decía; ration, nor does it sufficiently aver any matter of avoidance. ’ It makes out no such case, as, if found true, would have discharged the action.
The plaintiff in this court, has not shewn that he was ready to do all which by his covenant he was bound to
do. He does not show that he had put it in the power pf the defendant to choose the clothes, by being ready to. pay them when chosen.
' Issue was joined on one plea, and a demurrer to the second plea adjudged good, and an inquiry of damages awarded as to it. The jury gave a joint and general verdict for the plaintiff, in damages.
There was no necessity for the severance of the damages, on the inquiry of damages, and the issue joined j the verdict, in either case, must have been in damages. Both were submitted at the same time, to the same jury, and there could be no injury to the plaintiff here by the general verdict-•Judgment affirrhed.